IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| KEVIN WALKER | * | CIVIL ACTION NO. |
| | * | |
| V. | * | JUDGE |
| | * | |
| ENERGY TRANSFER | * | MAGISTRATE |
| PARTNERS, LLC | * | JURY DEMAND |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Kevin Walker, ("Plaintiff"), who respectfully represents the following:

### I. JURISDICTION

1. This is an action for declaratory, injunctive and monetary relief for discrimination and retaliation in employment in violation of the Family and Medical Leave Act, codified at 29 U.S.C. Section 2601 *et seq,* Americans with Disabilities Act, codified at 42 U.S.C. Section 12101 *et seq.*, and Age Discrimination in Employment Act, codified at 29 U.S.C. Section 621 *et seq.*,

Jurisdiction is based on 29 U.S.C. Section 2617(a), 42 U.S.C. Section 12117, 29 U.S.C. Section 626, 28 U.S.C. Section 1331, and 28 U.S.C. Section 1332. Pursuant to 28 U.S.C. Section 1367, Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

### II. PARTIES

2. Plaintiff, Kevin Walker, is an adult male and a resident of State of Louisiana currently residing in Minden, Louisiana.

3. Made Defendant in this action is:

Energy Transfer Partners, LLC., a corporation organized under the laws of the United States of America ("Defendant") and doing business in the State of Louisiana, who may be served through its registered agent Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802.

4. At all times referred to in this Complaint, Defendant was engaged in an industry affecting commerce.

5. Defendant was Plaintiff's "employer" within the meaning of 29, U.S.C. Section 2611(4), 42 U.S.C. 12117, 29 U.S.C. Section 630 (b), La. R.S. 23:323 *et seq.*, La.R.S. 23:301 *et seq.* and La.R.S. 51:2226.

## III. VENUE

6. Venue lies in this Court as the unlawful employment practices and other actions made the basis of this suit occurred within the Western District of Louisiana.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff Kevin Walker was hired by Defendant as Plant Operations Manager. His employment was terminated on March 13, 2017. At the time of termination Plaintiff was 48 years old. Prior to the termination of his employment, Plaintiff was recognized as an exemplary employee of Defendant.

8. In January 2017, Plaintiff requested leave to accommodate a disability and serious health condition and was granted the same under the Family Medical Leave Act. The leave began on January 24, 2017 and expired on March 12, 2017.

9. Plaintiff returned to work on March 13, 2017 at 7:00 A.M. At 7:15 A.M., Plaintiff was called into a meeting with Area Manager, Todd McKee, Plant Manager, Jim McClain, and Human Resource Manager DeeDee Miller.

10. Plaintiff was told that his employment with the Defendant was terminated because he had allegedly "slept on the job." The alleged misconduct had apparently occurred before Plaintiff had requested leave.

11. Plaintiff denied the allegations, and noted that many of his similarly situated coworkers, including, but not limited to, Josh Starky, Steve Stroud, Jay Pearce, and Adam Remedies (none of whom had requested leave under FMLA), had, in fact, been documented as "sleeping on the job," but none of them had been fired (or even disciplined) for this conduct.

12. Notwithstanding this information, Plaintiff was told that the decision to terminate his employment would not be reconsidered.

13. Plaintiff was retaliated against for taking leave under the Family Medical Leave Act and discriminated against due to his disability and/or perceived disability and/or his age, 48.

14. Said discrimination and retaliation included, but was not limited to, terminating Plaintiff's employment with Defendant - all for pretextual reasons. In fact, said acts were taken in retaliation for Plaintiff's use of FMLA leave and/or due to discrimination based on disability/perceived disability and/or his age.

## V. ADMINISTRATIVE PREREQUISITES

15. Plaintiff timely filed charges of discrimination and retaliation with the Equal Employment Opportunity Commission and Louisiana Commission on Human Rights and will amend this Complaint once a Notice of Suit Rights is received.

## VI. CAUSE OF ACTION

16. The actions and conduct of Defendant set forth herein constitute interference, restraint or denial of Plaintiff's rights under the Family Medical Leave Act in the following non-exclusive particulars:

      (a)    Failing to provide Plaintiff with leave as required by the FMLA;

      (b)    Failing to designate all or a portion of Plaintiff's leave as FMLA leave;

      (c)    Failing to allow Plaintiff to take FMLA;

      (e)    Failing to properly reinstate Plaintiff following the FMLA leave, and

      (f)    Retaliating against Plaintiff for requesting leave due under the FMLA;

17. The actions and conduct of Defendant set forth herein constitutes discrimination due to disability and/or being regarded as disabled in violation of 42 U.S.C. Section 12101 *et seq.* and R.S. 23:323 *et seq.*

18. The actions and conduct of Defendant set forth herein constitutes discrimination due to age, 48, in violation of 28 U.S.C. Section 626 *et seq.*, La.R.S. 23:301 *et seq.*, and La.R.S. 51:2256.

19. The Defendant's actions complained of herein were performed with malice or reckless indifference to and in knowing violation or reckless disregard of Plaintiff's federally-protected rights and caused Plaintiff emotional distress.

20. The stated reason for terminating Plaintiff's employment was clearly pretextual.

21. As a result of the actions taken by Defendant, Plaintiff has suffered tremendous anxiety, mental anguish, mental suffering, humiliation and embarrassment. The damage done to Plaintiff's reputation as an employee has been enormous, and Plaintiff has suffered both economic and emotional distress because of Defendant's conduct.

## VII.  JURY TRIAL DEMANDED

22. Plaintiff demands a trial by jury as to all matters permitted by law.

## VIII.  RELIEF

WHEREFORE, PLAINTIFF PRAYS:

(A)  that the Court declare the employment practices of which complaint is made to be in violation of 29 U.S.C. Sections 2601 *et seq.*, 42 U.S.C. Sections 12101 *et seq.*, 29 U.S.C. Sections 621 *et seq.*, La.R.S. 23:323 *et seq.*, La.R.S. 23:301 *et seq.*, La.R.S. 5:51:2256, and otherwise inculpatory and illegal;

(B)  that the Court order Defendant to pay front pay and lost future wages in amounts to be determined by the jury;

(C)  that Plaintiff be awarded back pay, including prejudgment interest, and any other benefits or seniority to which he may have been entitled or which he may have lost as a result of the discrimination or retaliation or tortious conduct against him;

(D)  that Plaintiff be awarded compensatory and liquidated damages pursuant to 29 U.S.C. Section 2617(a), 42 U.S.C. Section 12117 (a), 29 U.S.C. Section 621, La.R.S. 23:325; La.R.S. 23:303, and La.R.S. 51:2264;

(E)  that Plaintiff be awarded the costs of this action, including attorneys' fees, pursuant to 29 U.S.C. Section 2617(a)(3), 42 U.S.C. Section 12117, 29 U.S.C. Section 626 (b), La.R.S. 23:325, La.R.S. 23:303, La.R.S. 51:2264, and any other applicable state law;

(F)  for trial by jury for those matters triable to a jury; and

(G)  that Plaintiff be awarded such other and further relief as the Court finds equitable, just and proper.

Respectfully submitted,

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

Allison A. Jones, Bar No. 16990

By: */s/ Allison A. Jones*
ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **KEVIN WALKER** | * | CIVIL ACTION NO. |
| | * | |
| V. | * | JUDGE |
| | * | |
| **ENERGY TRANSFER** | * | MAGISTRATE |
| **PARTNERS, LLC** | * | JURY DEMAND |

### VERIFICATION

BEFORE ME, the undersigned Notary Public, personally came and appeared KEVIN WALKER, who did depose and state that he is the Plaintiff in the foregoing Complaint, that he has read the Complaint, and that all of the allegations contained therein are true and correct to the best of his knowledge, information and belief.

_____
KEVIN WALKER

SWORN TO AND SUBSCRIBED before me, Notary Public, this 2nd day of May, 2018.

_____
NOTARY PUBLIC

DEBBIE F. BENTON, Notary Public
# 49018
Caddo Parish, Louisiana
My Commission is for Life

1